JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

450 Golden Gate Avenue, 11th Floor
San Francisco, California  94102
Telephone:  (415) 436-6809
Fax:  (415) 436-7234

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 08-0090 MAG |
| Plaintiff, | ) ) | **OPPOSITION TO DEFENDANT'S MOTION FOR REVIEW OF PERSONNEL FILES** |
| v. | ) ) | |
| AMIEL A. ROBINSON, | ) ) | Date: April 22, 2008 Time: 9:30 a.m. |
| Defendant. | ) ) | Court: The Honorable Maria Elena James |

## **I.  INTRODUCTION**

Defendant Amiel Robinson ("Robinson" or "defendant") has moved for an order for discovery of the personnel files and related records of a select law enforcement agent employed by the United States Park Police who issued a citation to Robinson.  Defendant is seeking all records and information which pertain to any instance of conduct which might arguably reflect on the agent's character or credibility or which might arguably be used to develop impeachment information, and has requested <u>in</u> <u>camera</u> review of all personnel files of the agent involved in this case.  No such extraordinary measure are warranted, lawful or necessary. Accordingly, the defendant's motion should be denied.

//

OPP. TO DEF. MOTION FOR REVIEW OF PERSONNEL FILES
CR 08-0090 MAG

**II.  STATEMENT OF FACTS**

On or about November 20, 2007, Sergeant Robert Jansing ("Sgt. Jansing") of the United States Park Police was parked in his vehicle at the entrance of the Building 17 parking lot facing Lincoln Boulevard in the Presidio.  At approximately 9:07 p.m., he observed a Chevy pickup truck traveling northbound on Lincoln Boulevard at a high rate of speed.  Sgt. Jansing aimed LIDAR (Serial Number PL11653) at the vehicle and and the LIDAR unit measure the vehicle's speed at 45 miles per hour and then 46 miles per hour.  Sgt. Jansing pulled over the vehicle and asked the driver, Robinson, for his driver's license.  Robinson at first refused to provide the license asking Sgt. Jansing why he had been pulled over.  Sgt. Jansing informed Robinson he had been pulled over for speeding.  Robinson provided Sgt. Jansing his Driver's License and when Sgt. Jansing ran Robinson's license number, it returned an advisory weapons condition on the defendant and Sgt. Jansing checked Robinson's immediate vicinity for weapons.  Seeing none, he issued him citation number 0892879 for speeding.  Robinson refused to sign the citation and refused to provide Sgt. Jansing with his social security number.

On January 24, 2008, Robinson attended the petty offense calendar at the federal building in San Francisco.  At that time, he refused to pay the forfeiture of collateral on the citation and requested a petty offense trial.  The trial was originally set for February 25, 2008.  On February 13, 2008, the United States sent Robinson thirty five pages of discovery that included a copy of the citation, the incident report, photos of the area, criminal history records, calibration records for the LIDAR machine, certification for Sgt. Jansing's training in using the LIDAR machine, and a Giglio response letter from the Commander of Internal Affairs for the United States Park Police verifying that Internal Affairs had conducted a Giglio check on Sgt. Jansing and found no responsive material.  The letter also reflected that Internal Affairs understood that its duty to disclose Giglio information was a continuing duty and obligation.

On February 25, 2008, Robinson appeared before the Court and requested a continuance on the grounds that he wanted to obtain copies of all the speeding citations Sgt. Jansing had issued.  The Court ordered the government to provide to the defendant copies of the speeding citations Sgt. Jansing had issued in the two weeks prior to the issuance of Robinson's citation and the two

1  weeks following the issuance of Robinson's citation, providing that the personal identifying
2  information of the individuals to whom the citations were issued could be redacted.  On March 5,
3  2008, the government sent to Robinson a copy of the responsive citations along with several
4  maps of the Presidio.  The government was subsequently contacted by the Federal Public
5  Defender's office which requested that the government provide any speeding citations issued by
6  Sgt. Jansing which were not on the petty offense calendar in the Central Violations Bureau's
7  database.  After explaining that such citations probably do not exist, the government contacted
8  Sgt. Jansing and asked him to conduct a search of all the citations that he issued in the relevant
9  time period and search for speeding citations other than those already provided.  The government
10 will turn over any such citations if they exist.  Trial is currently set for April 22, 2008.

### III.  ARGUMENT

12 The government has located and provided Giglio material to the defendant in accordance
13 with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1990).  The defendant demands that
14 production and in camera review of all personnel files. This demand, contrary to the principles
15 and procedures specifically approved by the Ninth Circuit, should be denied.

16 A defendant is entitled to the production of exculpatory evidence in the possession of the
17 government through the Due Process Clause of the Fifth and Fourteenth Amendments.  Brady v.
18 Maryland, 373 U.S. 83 (1963); *see also* United States v. Bagley, 473 U.S. 667, 676-77 (1985),
19 Giglio v. United States, 405 U.S. 150, 154 (1972). The Ninth Circuit has carved out a specific
20 discovery jurisprudence for the information contained in the personnel files of law enforcement
21 agents. Upon a defense request for the production of personnel files of all law enforcement
22 witnesses involved in the case, the government has a duty to examine the personnel files. United
23 States v. Henthorn, 931 F.2d 29, 31 (9th Cir. 1990) (*citing* United States v. Cadet, 727 F.d 1453,
24 1467 (9th Cir. 1984)). While the obligation to examine the files arises by virtue of a defendant's
25 demand for production, "the files need not be furnished to the defendant or the court unless they
26 contain information that is or may be material to the defendant's case." Id. The prosecution may
27 submit questionable information to the trial court for an in camera inspection and evaluation if it
28 is uncertain about its materiality. Id.

OPP. TO DEF. MOTION FOR REVIEW OF PERSONNEL FILES
CR 08-0090 MAG

On February 1, 2008, the government requested the United States Park Police, Office of Internal Affairs, conduct a search of Sgt. Jansing's personnel files and other relevant files for potential Giglio material. See Giglio v. United States, 405 U.S. 150 (1972).  Under Giglio and United States v. Jennings, after the appropriate agency's attorney or his staff examines the personnel files, the agency legal staff is to notify the federal prosecutor assigned to the case of any potential Brady material contained in the files. United States v. Jennings, 960 F.2d 1488, 1492 (9th Cir. 1992).  The government is then to turn over to defendant any matters which are impeaching or exculpatory. The government will not turn over any obviously inadmissible matters.  Finally, the government will submit any questionable matters to the Court for in camera review. This action is directly in line with government policy that was explicitly approved as proper under Henthorn. Id.  The Giglio letter that the government sent to Robinson on February 13, 2008, verifies this search.

Defendant's demand that all personnel files be reviewed in camera by the Court is not supported by Ninth Circuit precedent. The defendant's questioning of the impartiality and thoroughness of governmental review is incorrect for procedural, legal and policy reasons. Procedurally, the specific Department of Justice policy requiring appropriate agencies review law enforcement personnel files was approved by the Ninth Circuit in Jennings. Id. Legally, the Ninth Circuit has established a presumption that the official duty of the government to review agents' personnel files will be completed faithfully. Id.; United States v. Herring, 83 F.3d 1120 (9th Cir. 1996).  Absent indications that the government has not or will not comply with its duty faithfully to review personnel files, "there is no basis to presume that any illegal conduct must be deterred." Id.  The defendant has provided no evidence beyond philosophical advocacy that government review of personnel files is improper. The Ninth Circuit in Jennings and then again in Herring disagreed with the defendant's philosophical objections and established a legal presumption otherwise. Additionally, government agencies have both professional and ethical interests in performing a thorough review of an employee's files. It is in the best interests of an agency to identify and scrutinize employees who are not following the law, just as it is in the agency's best interest to maintain its credibility and integrity by completing thorough and

OPP. TO DEF. MOTION FOR REVIEW OF PERSONNEL FILES
CR 08-0090 MAG

1  accurate examination of personnel files. The legal counsel who perform the examinations are
2  also guided ethically and professionally by the canons of the bar to which they are admitted.
3      The procedures advocated by the defendant are not supported by Ninth Circuit law.  Not
4  only are the procedures currently in place by the government deemed appropriate by the Ninth
5  Circuit, but they are presumed thorough and accurate unless proven otherwise. The defendant
6  has produced no proof of bias or improper review, nor has he provided legal support for his
7  demanded procedure. Efforts by defendants in the past to force review of law enforcement
8  personnel files have been soundly rejected by the courts.

## IV. CONCLUSION

10     For the foregoing reasons, the defendant's motion should be denied and the Court should
11 permit the government to proceed in the manner approved by the Ninth Circuit to review and
12 produce any impeaching or exculpatory materials.
13 Dated: March 31, 2008.

                                        JOSEPH P. RUSSONIELLO
                                        United States Attorney


                                        _____/s/_____
                                        WENDY THOMAS
                                        Special Assistant United States Attorney

OPP. TO DEF. MOTION FOR REVIEW OF PERSONNEL FILES
CR 08-0090 MAG