RECEIVED
U.S. ATTORNEY
SAN FRANCISCO
2008 MAR 25 PM 12: 43

ORIGINAL

1  Amiel Robinson
   1601 17th Street
2  San Pablo, CA 94806
   Telephone: (510) 938-2696
3

**FILED**

4

5  MAR 25 2008

6  **RICHARD W. WIEKING**
   CLERK, U.S. DISTRICT COURT
7  NORTHERN DISTRICT OF CALIFORNIA

8        IN THE UNITED STATES DISTRICT COURT

9       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,         )
                                     ) Citation No. 0892879
12             Plaintiff,            )
                                     ) MOTION FOR DISCOVERY; BRADY
13      v.                           ) MOTION; AND HENTHORN MOTION
                                     )
14 AMIEL ROBINSON,                   ) TRIAL DATE: APRIL 22, 2008
                                     ) TIME: 9:00 AM
15             Defendant.            ) COURT: HON. MARIA-ELENA
   _____ ) JAMES

16

17

18              I.   INTRODUCTION

19    Amiel Robinson, an African-American male, was cited for

20 speeding by Officer Robert L. Jansing on November 20, 2007.  On

21 February 7, 2008, Mr. Robinson requested from the United States

22 Attorney all discovery material pertaining to his charged offense

23 of speeding, including Officer Jansing's training in the use of

24 laser speed detection technology, the calibration of the particular

25 speed detecting laser Officer Jansing used in issuing Mr.

26 Robinson's citation, Officer Jansing's exact location at the time
   he stopped Mr. Robinson for this citation, all speeding tickets

                        - 1 -

1   Officer Jansing issued in the one month period surrounding the date

.2   of Mr. Robinson's citation, and all complaints of discrimination

3   made against Officer Jansing.  On February 13, 2008, the government

4   partially complied with this request and provided Mr. Robinson with

5   a copy of his citation, Officer Jansing's police report, general

6   photographs of the area in which Mr. Robinson received his

7   citation, and laser calibration documents.

8        On February 25, 2008, Mr. Robinson appeared before this Court.

9   Although nervous, he attempted to explain what and why he was

10   requesting the documents he had not received.  The Court ordered

11   the government to provide Mr. Robinson with all of the tickets

12   Officer Jansing had issued for two weeks prior to the date on which

13   Mr. Robinson received his ticket and for two weeks after that date.

14   The government has since disclosed four tickets issued by Officer

15   Jansing in this time period.  Now, Mr. Robinson respectfully

16   requests this Court to compel the government to disclose all

17   complaints of racial discrimination against Officer Jansing to

18   support his claim that he was not speeding, rather, Officer Jansing

19   stopped him based solely on the color of his skin.

20        This motion is based on the Fourth, Fifth, and Fourteenth

21   Amendments of the United States Constitution, Brady v. Maryland,

22   373 U.S. 83 (1963), United States v. Henthorn, 931 F.2d 29 (9th

23   Cir. 1991), Federal Rule of Criminal Procedure 16(c), and the

24   authorities cited herein.

25

26

II.  STATEMENT OF FACTS[1]

On November 20, 2007, Amiel Robinson was driving a pick-up truck northbound on Lincoln Boulevard in the Sea Cliff area of San Francisco, California.  At approximately 9:07 pm, Mr. Robinson was stopped on Lincoln Boulevard at Howard Street by Officer Robert L. Jansing.  Officer Jansing's report indicates that the officer approached Mr. Robinson's vehicle and knocked on the vehicle's window.  Shortly thereafter, Officer Jansing opened the driver's side door of Mr. Robinson's vehicle, which was unlocked.  Mr. Robinson asked Officer Jansing why the officer had stopped him. Officer Jansing requested Mr. Robinson's identification.  Mr. Robinson provided Officer Jansing with his identification after Officer Jansing stated that he would arrest Mr. Robinson if he did not give the officer his identification.  After running Mr. Robinson's identification in the police database, Officer Jansing did a visual search of the driver's area of Mr. Robinson's vehicle for weapons and found none.  He also reported that a warrant check was clear.

Officer Jansing told Mr. Robinson that he was citing Mr. Robinson for speeding and issued Mr. Robinson a citation for allegedly traveling at 46 miles per hour in a 30 miles per hour zone.

In response to Mr. Robinson's discovery request letter, the

---

[1]The following statement of facts is derived from the United States Department of the Interior National Park Service Case Incident Report No. 982, written and signed by Officer Robert L. Jansing on February 2, 2008.

- 3 -

1  United States Attorney's Office provided Mr. Robinson with some of

2  the information he requested.  However, regarding Mr. Robinson's

3  request for all complaints of discrimination filed against Officer

4  Jansing, the United States Attorney's Office responded with a

5  letter from the Commander of Internal Affairs with the United

6  States Park Police, who asserted that a search of Officer Jansing's

7  personnel files revealed "no responsive Giglio material."

8                       III.   ARGUMENT

9  A.   THE PROSECUTION MUST PROVIDE A DEFENDANT WITH ANY INFORMATION
       THAT CALLS INTO QUESTION THE CREDIBILITY OF A TESTIFYING LAW
10      ENFORCEMENT WITNESS UNDER BRADY V. MARYLAND.

11      In any criminal case, the prosecution has an obligation to

12  provide the defendant with all exculpatory evidence within its

13  possession or control.  Brady v. Maryland, 373 U.S. 83 (1963);

14  United States v. Jennings, 960 F.2d 1488, 1491 (9th Cir. 1992).  As

15  part of this duty, the prosecution must "turn over any information

16  about its witnesses that could cast doubt upon their credibility."

17  Jennings, 960 F.2d at 1490 (citing Giglio v. United States, 405

18  U.S. 150, 154 (1974)).  Of course, law enforcement witnesses are

19  not exempt from this process.  In the Ninth Circuit, the

20  prosecution is required to examine the personnel files of a

21  testifying law enforcement officer once a defendant requests access

22  to those files, and to turn over any pertinent information it

23  uncovers.[2]  United States v. Henthorn, 931 F.2d 29, 31 (9th Cir.

24  _____

25      [2]Under Jennings, the appointed prosecutor is not required to
    review all the officer's files personally.  Jennings, 960 F.2d at
26  1491-92.  However, once material information regarding the
    testifying officer is uncovered and brought to the prosecutor's
    attention, the prosecution is obligated to turn this information

                         - 4 -

1   1991).  Importantly, a defendant need not make a preliminary

2   showing that the information within the files is material to his

3   defense – merely requesting the personnel files initiates the

4   prosecution's obligation.  Id.

5        In the event that questions arise over the relevancy or

6   materiality of an officer's personnel information, the prosecution

7   should submit the files to the court for an *in camera* inspection.

8   Id. (citing United States v. Cadet, 727 F.2d 1453, 1467-68 (9th

9   Cir. 1984)).  Where a defendant is unsatisfied with the extent of

10  the prosecution's discovery production, or where a request for

11  access to personnel information is denied, a defendant may file a

12  motion to compel discovery, and the court may choose to review the

13  files *in camera*.  Jennings, 960 F.2d at 1490.

14  B.   MR. ROBINSON IS ENTITLED TO AN IN CAMERA REVIEW OF OFFICER
         JANSING'S PERSONNEL FILES.

15       Mr. Robinson moves for disclosure of Officer Jansing's

16  personnel files.  This motion is based on the Fourth, Fifth, and

17  Fourteenth Amendments of the United States Constitution, United

18  States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and Federal Rule

19  of Criminal Procedure 16(c).

20       As set forth above, Mr. Robinson respectfully requests the

21  Court to review Officer Jansing's personnel files *in camera* and

22  compel the production of any information suggesting a history of

23  racial bias.  The prosecution, through the assurances of the

24  Internal Affairs Commander of the National Park Service, claims

25  _____

26  over to the defendant - just as it is obligated to do so when
    dealing with any government witness.

- 5 -

1 | that there is no such material within Officer Jansing's files to
2 | produce.  However, it is not clear that the National Park Service
3 | specifically looked for matters relating to formal discrimination
4 | complaints regarding Officer Jansing.  In addition, Mr. Robinson is
5 | uncomfortable with the notion of the police department policing
6 | itself in this matter.
7 |     Mr. Robinson maintains that he was not speeding when Officer
8 | Jansing pulled him over, and he believes that Officer Jansing
9 | instituted a race-based stop.  Further, Mr. Robinson asserts, based
10 | on Officer Jansing's conduct and demeanor during the stop, that
11 | Officer Jansing issued the citation in bad faith - out of racial
12 | animosity - and not based on any objective evidence of a traffic
13 | violation.  Mr. Robinson believes that there may be evidence of
14 | racial discrimination within Officer Jansing's personnel files that
15 | will only be disclosed in response to this Court's order.

16 |                      IV.  CONCLUSION

17 |     For the aforementioned reasons, Mr. Robinson respectfully
18 | requests this Court to order the United States Attorney's Office to
19 | produce the requested discovery to this Court for an in camera
20 | inspection.
21 | Dated: March 24, 2008
22 |                          Respectfully submitted,
23 |
24 |                          AMIEL ROBINSON
25 |                                        5/25/08
26 |

- 6 -

03-24-08    14:15    From-FEDERAL PUBLIC    +415 436 7706    T-316    P.010/014    F-896

1  AMIEL ROBINSON
   1601 17th Street
2  San Pablo, CA 94806
   Telephone: (510) 938-2696
3

RECEIVED
U.S. ATTORNEY'S O..
SAN FRANCISCO...

2008 MAR 25  PM 12:43

ORIGINAL

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,    )    CITATION No. 0892879
                                 )
12                  Plaintiff,   )    CERTIFICATE OF SERVICE
                                 )
13  v.                           )
                                 )
14  AMIEL ROBINSON,              )
                                 )
15              Defendant.       )
    _____ )
16

17      The undersigned hereby certifies under penalty of perjury

18  that a true and correct copy(ies) of the foregoing:

19
                    **MOTION FOR DISCOVERY**
20
    in the case of **United States v. Amiel Robinson, Citation No.**
21  **0892879** was on this date served by hand-delivery to the
    following:
22

23  Office of the United States
    Attorney
24  450 Golden Gate Avenue, 11th
    Floor
25  San Francisco, CA 94102
    ATTN: Wendy Thomas
26


CERTIFICATE OF SERVICE

1 | Executed on this
  | 25th day of March, 2008, at San Francisco, California.
2 |
3 |
4 |                              Monique Cook        3/25/08
5 |
6 |
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |

CERTIFICATE OF SERVICE